## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK ROPER, JOEL THOMAS, and ALISON EATOUGH, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>ECONO LUBE N' TUNE, INC., a foreign corporation,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>) Case No. 07-CV-00025-EJL<br>)<br>) **PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the parties' Stipulated Protective Order (Docket No. 15), the Court enters the following protective order in this case.

<u>Purpose and Limitations</u>

1.This protective order shall govern the designation, disclosure, and use of confidential information and documents containing confidential information in this action.

2.This protective order shall protect discoverable information and documents relating to the business and financial affairs of the parties, including proprietary, trade secret, and other confidential information, from unauthorized and improper disclosure and use.

3.All designated confidential information, as that term is defined and used herein, shall be used solely for the preparation for trial, the trial, and any appeal of this action, and shall not be used or disclosed for any other purpose whatsoever.

4.Neither party shall disclose the other party's confidential information, as that term

**PROTECTIVE ORDER - 1**

is defined and used herein, to any third persons other than in accordance with the terms and conditions of this protective order.

5. The term "Confidential Information," as used in this protective order, shall mean (a) all documents and things and copies thereof, (b) answers to interrogatories and responses to requests for admission, (c) all testimony given in this action whether by deposition or at any pretrial hearing or at trial, which any party designates as "Confidential Information," including all transcripts thereof, and (d) any copies, abstracts, excerpts, analyses, summaries or other materials (whether in writing, electronic or other form) that contain, reflect, or disclose information contained in such discovery materials or testimony that are designated as "Confidential Information."

6. A party shall designate as Confidential Information only information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including without limitation materials which that party in good faith believes constitute information that is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

7. Prior to the production of any document that any party deems to contain Confidential Information as defined in paragraph 6, said party shall mark the document "Confidential." Other tangible forms of evidence containing Confidential Information, including DVDs and CDs, shall also be marked or labeled "Confidential."

**PROTECTIVE ORDER - 2**

8. In the event that Confidential Information is sought from third parties not directly under either party's control, the party whose Confidential Information may be produced shall notify the requesting party's counsel in writing of said party's election to have such documents deemed confidential. Said notice shall be given within seven (7) days of receipt of written notice of the requesting party's subpoena or demand for the production of documents on such third party.

9. Confidential Information may only be disclosed to the following individuals:

   a. To the Court, appellate courts, court personnel, and the jury, if any, impaneled in this action;

   b. To court reporters and videographers while in the performance of their official duties at depositions in this action;

   c. To parties, which is defined to include current or former directors, officers, or employees of a party who are needed by a party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

   d. To attorneys employed or retained by the receiving party, and the support staffs of those attorneys (including legal assistants, secretaries, and file clerks) assisting with the preparation or trial of this action;

   e. Any person not employed by a party who is expressly retained by an attorney to assist in trial preparation and trial, including expert witnesses and consultants; and

   f. Any person whose testimony is taken or to be taken in this action, except that such person may only be shown copies of confidential material during his or her testimony and in preparation therefor.

10. Each person (with the exception of the Court, court personnel, and outside counsel) to whom disclosure of Confidential Information is made pursuant to paragraph 9 above shall be advised of, and become subject to, the provisions of this protective order by executing a copy of the "Agreement to Comply with Protective Order," an exemplar of which is attached

**PROTECTIVE ORDER - 3**

hereto as Exhibit "A." Where practicable, the foregoing shall occur prior to the disclosure of Confidential Information. At the conclusion of this action, either by dismissal or by entry of a final non-appealable judgment, each party shall disclose to the other party the names of all persons and entities to whom Confidential Information has been disclosed along with the original acknowledgment signed by such persons and/or entities.

11. Any document, image, or thing incorporating Confidential Information that is filed or lodged with the Court shall be filed as a document under seal and marked Confidential on the first page with an appropriate notation or logo substantially similar to:

**CONFIDENTIAL**

The contents of this envelope are subject
to a PROTECTIVE ORDER issued by the COURT
and may not be opened, examined or copied
except in compliance with that Order.

United States District Court
District of Idaho
*Roper, et al. v. Econo Lube N' Tune, Inc.*
U.S.D.C., District of Idaho, Civil Action No. 07-CV-00025-EJL

The clerk shall maintain such information or document under seal, except that any judge or magistrate exercising responsibility in this action, and their law clerks, administrative, secretarial, and clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this action.

12. With respect to protecting Confidential Information at depositions (and pre-trial court hearings or proceedings), the parties shall proceed as follows:

    a. Any party may use Confidential Information at a deposition; however, only persons (other than the witness) authorized to receive such Confidential Information may attend the portions of the deposition pertaining to such information;

**PROTECTIVE ORDER - 4**

      b.    Any party may designate testimony at a deposition as Confidential Information during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive the Confidential Information shall be excluded from the deposition until testimony regarding those matters has concluded. In addition to the foregoing, any party shall have thirty (30) days following receipt of a deposition transcript to designate, in writing, the transcript or any portion thereof, as Confidential Information. The entire transcript, including exhibits, shall be treated as Confidential Information until the expiration of this 30-day period;

      c.    The designating party shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Confidential Information separately, and to label the cover of the complete transcript with an appropriate notice, such as the following:

            PROTECTED INFORMATION OF [insert name of party]
            Disclosure subject to Court ordered Protective Order in
            *Roper, et al. v. Econo Lube N' Tune, Inc.*
            U.S.D.C., District of Idaho, Civil Action No. CV-07-00025-EJL;

      d.    The restrictions of this paragraph also apply to videotaped depositions, and the video cassettes, DVDs, or other video formats, each of which shall be labeled in accordance with the provisions of this paragraph; and

      e.    Unless otherwise ordered by the Court, the same procedures and protections shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings. In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

13.    The substance or contents of any Confidential Information, as well as any notes, abstracts, copies, summaries, and memoranda relating thereto, shall not be disclosed to or accessible by anyone other than a person permitted to obtain Confidential Information pursuant to this protective order.

14.    It shall be the duty and responsibility of counsel of record to ensure that

**PROTECTIVE ORDER - 5**

documents or things containing Confidential Information subject to counsel's control are at all times kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review Confidential Information under this protective order.

15. Nothing in this protective order shall limit or obligate a party with respect to disclosure of its own information and documents.

16. Disclosure by the producing party of Confidential Information without the proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific Confidential Information disclosed or as to any other information relating to the subject matter of the Confidential Information disclosed. Upon learning of the disclosure of Confidential Information without proper designation, the party seeking to protect the Confidential Information shall properly designate or re-designate such Confidential Information.  No party, however, shall be deemed to be in breach of this protective order by reason of any use or disclosure of such Confidential Information inconsistent with such later designation (or re-designation) that occurred prior to notification of such later designation or (re-designation).

17. If a party objects to any designation of Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the designating party may seek appropriate relief from the Court.  The parties shall respect the original designation during the pendency of such dispute.

**PROTECTIVE ORDER - 6**

18.     Within sixty (60) days after the final termination of this action, upon written request by the designating party, the originals and all copies of protected information shall be destroyed or returned to the party that produced such information, or to its attorney, except that one copy of such information appended to pleadings and one copy of each deposition transcript containing such information may be retained in the files of each attorney.  Any information so retained shall be maintained pursuant to the protective order, and by retaining the information, each attorney agrees to the continuing jurisdiction of the Court for purposes of enforcing the protective order.  The designating party that seeks the return of protected information shall be responsible for reimbursing the other party for the actual costs incurred in returning the protected information.

19.     Should any party, or person qualified to obtain Confidential Information hereunder, or their agents or representatives, receive any request for information, whether through formal compulsory process or lawful authority of a court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for the other party hereto in order to allow said party to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.

20.     Upon final termination of this action, whether by settlement, dismissal, or other disposition, the provisions of this protective order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of the order.

21.     Either party may seek additional protection or disclosure with respect to protected information as that party may consider appropriate.  If necessary, the parties may enter into a

**PROTECTIVE ORDER - 7**

separate order that will govern the use of Confidential Information at the trial of this matter.

22. Nothing in this protective order shall operate as a waiver of a party's right to object to answering any interrogatory or deposition questions propounded, to object to the production of any documents requested, or to seek the issuance of a further protective order, which objection or motion may be based on any legal grounds including, but not limited to, grounds of undue burden, unnecessary invasion of privacy, threatened exposure of trade secret information needing greater protection than this protective order provides, expense, relevancy, work product, or attorney-client privilege.

23. Either party may seek to modify this protective order upon a showing of good cause.



DATED: **August 1, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**PROTECTIVE ORDER - 8**

## EXHIBIT "A"

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the attached Protective Order entered in the lawsuit before the United States District Court for the District of Idaho entitled <u>Roper, et al. v. Econo Lube N' Tune, Inc., Case No. 07-cv-00025-EJL</u>. I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Idaho in any proceeding related to the enforcement of the Protective Order, including any proceedings related to contempt of Court. I will not disclose materials marked CONFIDENTIAL to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:


Present occupation/job description:



Name of Company or Firm:


Address:

Telephone No.:

Relationship to this action and its parties:



Dated:                          Signature


**PROTECTIVE ORDER - 9**